Dear Judge Stephens:
Based on your opinion request, I have researched the following issues concerning the circumstances when a district court judge, who is the brother of the district attorney, either (a.) shall recuse himself from presiding over a cause being prosecuted by the local district attorney, or (b.) should recuse himself under the same circumstances. These issues were set forth by the following three (3) questions posed in your letter of March 18, 2011:
 (1) Would a Judge who is the brother of the District Attorney be able to hear any aspect of a criminal proceeding, namely the signing of a warrant, setting of bail, or approval of probable cause affidavits?
 (2) Would a Judge who is the brother of the District Attorney be able to preside over the District Court Drug Program wherein most of the participants have been placed in said program by that District Attorney?
 (3) Would a Judge who is the brother of the District Attorney be able to preside over any juvenile, child support, or CINC cases being prosecuted by an assistant district attorney who reports to and is supervised by said District Attorney? *Page 2 
Code of Criminal Procedure art. 671 provides an answer to almost all of your questions. Child support matters and CINC matters, being more "civil" in nature, are governed by the Code of Civil Procedure.
Code of Criminal Procedure art. 671 A.(2) mandates that in a"criminal case" a judge of any court, trial or appellate,"shall" be recused when he:
 (1) . . .
 (2) . . . is related to the district attorney within the second degree.
 * * *
[emphasis added].
Since brothers are related within the second degree, a district court judge who is the brother of the district attorney must recuse himself from handling any criminal case or cause involving the district attorney's office.
In your first question, you listed the following situations and you described each as criminal proceedings:
 (1) the signing of warrants;
 (2) the setting of bail; or
 (3) the approval of probable cause affidavits.
In our opinion, each situation listed is an integral part of a criminal case or cause, and therefore a district court judge who is the brother of the district attorney shall recuse himself from handling these acts.
In your second question, you asked about the District Court's Drug Program with regard to program participants placed into the program by the district attorney to whom the judge is related in the second degree. In our opinion, a district court drug court program represents a form of pre-trial diversion with respect to an ongoing criminal case or cause. Such drug court programs are well known. These programs are overseen by the Court, while they are closely monitored by the district attorney's office. Participants are subject to prosecution by the district attorney's office should they fail to succeed in the program as decided by the Court. In such situations, the participants usually appear in open Court, with the assistant district attorney and the criminal court judge present, and report about their participation in the drug court program. Under these circumstances, each participant in the drug court program continues to have an active "criminal case" or "criminal cause" in existence that involves the district attorney. As such, a district court judge who is the brother of the district attorney shall recuse himself from presiding over any aspect of the drug court program in accord with Code of Criminal Procedure art. 671 A.(2). *Page 3 
In your third question, you asked about the following Louisiana Children's Code types of cases described in your words as "beingprosecuted by an assistant district attorney:"
 (1) juvenile;
 (2) child support; and/or
 (3) CINC.
[emphasis added].
Children's Code art. 104 (1) mandates the applicability of the Code of Criminal Procedure and the Code of Civil Procedure where the Children's Code and other bodies of law do not provide procedural rules. Because the Children's Code does not provide its own articles regarding the recusal of judges, Children's Code article 104 makes applicable the recusal rules found in the Code of Criminal Procedure and the Code of Civil Procedure, depending on whether the underlying matter is criminal or civil in nature.
A "juvenile" case is a criminal matter because it involves allegations of criminal conduct by the subject of the proceeding. Therefore, Code of Criminal Procedure art. 671 regarding the recusal of judges applies to juvenile delinquency matters as directed by Children's Code art. 104 (1). A judge assigned such a case shall be recused when that judge is related to the district attorney prosecuting the case within the second degree. [emphasis added].
Both "child support" and "CINC" cases are civil in nature. Applying Children's Code art. 104 (2), a juvenile court judge shall consider Code of Civil Procedure art. 151 to determine whether or not he is subject to being recused from hearing such a matter.
Code of Civil Procedure art. 151 B.(4) states that a judgemay be recused if that judge is related to an attorney employed in the case within the second degree [emphasis added]. Under the same circumstances at issue in the opinion request, i.e. the situation wherein the judge and the elected district attorney are related within the second degree, the judge may on his own motion recuse himself, or the judge may be recused after aMotion to Recuse has been filed and decided. Once theMotion to Recuse has been filed, the judge may no longer handle the underlying case until the Motion to Recuse has been assigned to another judge, a hearing on the Motion to Recuse
has been held and the issue of whether or not to have the judge recused has been decided. In the interim, another judge would be required to takeover and handle the underlying child support or CINC matter. *Page 4 
The situation at issue in this opinion request, i.e. the situation wherein the judge and the elected district attorney are related within the second degree, is strongly impacted by Canon 1 and Canon 2 of the Code of Judicial Conduct. These critically important rules of judicial conduct, when read in context with one another, underscore that judges should uphold the integrity and independence of the judiciary, avoid even the appearance of impropriety, and not allow family relationships to influencejudicial conduct. [emphasis added].
Though Code of Civil Procedure art. 151 does not mandate that a judge shall recuse himself when related within the second degree to the elected district attorney whose office handles child support and CINC cases before him, Canons 1 and 2 of the Code of Judicial Conduct, along with the policy considerations provided by Children's Code article 104, combine to strongly encourage such a judge to voluntarily recuse himself from such cases.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ STEPHEN C. MARTIN ASSISTANT ATTORNEY GENERAL
 SCM:jy